**Case CC-25-1042**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

Leslie Klein as Trustee of the Marital Deduction Trust of Erika Klein and Trustee of the Credit Trust of Erika Klein, and not individually,
Claimants as Owner,

Appellants

v.

Bradley D. Sharp, Chapter 11 Trustee of Leslie Klein,

Appellee

On Appeal from the United States Bankruptcy Court
for the Central District of California
BK Case No. 2:23-bk-10990
Honorable Neil W. Bason

## APPELLEE'S ANSWERING BRIEF

Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jdulberg@pszjlaw.com
jlucas@pszjlaw.com
jnolan@pszjlaw.com

*Counsel for Bradley D. Sharp,
Chapter 11 Trustee of Leslie, Appellee*

# TABLE OF CONTENTS

                                                         **Page**

I. JURISDICTIONAL STATEMENT ...................................................................1

II. SUMMARY OF ARGUMENT ........................................................................2

III. STATEMENT OF THE CASE .......................................................................3

      1.      The Israeli Proceeding ........................................................................3

      2.      Suite 1323 of The Leonardo Plaza Hotel ...........................................4

      3.      The Trustee's Motion to Sell the Property ........................................4

      4.      The Opposition to the Motion to Sell the Property ...........................4

      5.      The Bankruptcy Court's Approval of the Motion ............................5

IV. STANDARD OF REVIEW .............................................................................5

V. DISCUSSION ....................................................................................................6

VI. CONCLUSION ................................................................................................8

**CASES**

*Aalfs v. Wirum* (*In re Straightline Invs., Inc.*),
 525 F.3d 870 (9th Cir. 2008) ................................................................................. 5

*Dela Rosa v. Scottsdale Memorial Health Systems, Inc.*,
 136 F.3d 1241 (9th Cir. 1998) ............................................................................... 6

*Pinnacle Rest. at Big Sky, LLC v. CH SP Acquisitions, LLC* (*In re of Spanish Peaks Holdings II, LLC*),
 862 F.3d 1148 (9th Cir. 2017) ............................................................................... 7

*Syncom Capital Corp. v. Wade*,
 924 F.2d 167 (9th Cir. 1991) ................................................................................. 7

*United States v. Hinkson*,
 585 F.3d 1247 (9th Cir. 2009) ............................................................................... 5

**STATUTES**

28 U.S.C. § 1334 ............................................................................................................ 1
28 U.S.C. § 157 .............................................................................................................. 1

**RULES**

B.A.P. 9th Cir. R. 8018(b)-1 .......................................................................................... 7
Fed. R. App. P. 10(b)(2) ................................................................................................ 7

Appellee, Bradley D. Sharp, Chapter 11 Trustee (the "**Trustee**" or the "**Appellee**") of the bankruptcy estate of Leslie Klein (the "**Debtor**"), submits his brief (the "**Answering Brief**") in response to the Appellants' brief [B.A.P. Docket No. 6] (the "**Opening Brief**") and represents as follows:

I.

## JURISDICTIONAL STATEMENT

This is an appeal of the *Order Granting Motion and Approving Sale of Estate's Interest in Suite 1323 of the Leonardo Plaza Hotel, Ha-Rav, Avida St 1, Jerusalem, 9426801, Israel* (ER 5-7) ("**Order**") of the United States Bankruptcy Court for the Central District of California, Los Angeles Division ("**Bankruptcy Court**"), dated February 13, 2025, granting the Trustee's *Motion for Order Approving Sale of Estate's Interest in Suite 1323 of the Leonardo Plaza Hotel, Ha-Rav Avida St 1 Jerusalem, 9426801, Israel* ("**Motion**"). (ER 8-35). The Bankruptcy Court had jurisdiction to enter the Order, pursuant to 28 U.S.C. § 1334, and such matter constitutes a core proceeding, pursuant to 28 U.S.C. § 157 (b)(2)(A) and (M). On February 27, 2025, Appellants filed a notice of appeal of the Order. On March 27, 2025, Appellants filed their statement of issues, designation of the record, and the applicable transcripts. This Panel has jurisdiction pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1).

# II.

# SUMMARY OF ARGUMENT

The Debtor-Appellee owns multiple properties in Israel, including Suite 1323 in the Leonardo Plaza Hotel, located in Jerusalem (the "**Property**"). The official Israeli property registry reflects that the Debtor, Leslie Klein, is the sole owner of the Property.

The Trustee commenced a proceeding in Israel to take control of and administer the Debtor's Israeli assets, including the Property. In turn, the Israeli Court designated a trustee to administer the Debtor's assets located in Israel (the "**Israeli Trustee**"). The Israeli Trustee duly marketed the Property to maximize its value and located a suitable buyer. The Israeli Trustee presented the sale transaction to the Israeli court, which approved it in due course. Out of an abundance of caution, the Trustee concurrently filed a motion before the Bankruptcy Court seeking authorization to proceed with the sale approved by the Israeli court. The Bankruptcy Court entered the Order approving the Trustee's motion.

While the Debtor never objected to the sale process in Israel, he did object to the Trustee's sale motion before Bankruptcy Court. The Opening Brief does not contain a single citation to the record on appeal. Nevertheless, the Debtor alleges that the Property is owned by a sub-trust of his living-trust that was created upon the death of his late spouse in December 2012 but he fails to cite to any provision

in the sub-trust that evidences its ownership of the Property. The Debtor fails to make such citation because the sub-trust does not reflect anywhere therein that it owns the Property. Plus, the Debtor did not cite to or provide any other legally enforceable documentation reflecting that the Property is owned by anyone other than the Debtor.

Importantly, the Debtor never contested the Trustee's business justification for the sale of the Property. As a result, the Bankruptcy Court found that the sale was well supported and satisfied the standard for the sale of estate assets under section 363(b) of the Bankruptcy Code and thereafter entered the Order approving the Motion. For the reasons stated herein, the Bankruptcy Court's Order should be affirmed.

### III.

### STATEMENT OF THE CASE

1. **The Israeli Proceeding**

On January 25, 2024, the Trustee commenced a proceeding in Jerusalem Magistrates Court (the "**Israeli Court**") for recognition of the Debtor's above-captioned bankruptcy case as a foreign main proceeding under Israel's Insolvency and Economic Rehabilitation Law, 2018. (ER 12). The Israeli Court subsequently recognized the Debtor's bankruptcy case as a foreign main proceeding and appointed an Israeli trustee with respect to the Debtor and his Israeli affairs (the

"**Israeli Trustee**"), for the purpose of, *inter alia*, liquidation of the property owned by the Debtor in Israel. (ER12).

2. **Suite 1323 of The Leonardo Plaza Hotel**

The title registry in Israel reflects that the property located at Suite 1323 of The Leonardo Plaza, Ha-Rav Avida St 1, Jerusalem, 9426801, Israel (the "**Property**") is owned by the Debtor, Leslie Klein. (ER 28-29). The agreement pursuant to which the Property was last sold also reflects that the Property was purchased by the Debtor, Leslie Klein. (ER 21-27).

3. **The Trustee's Motion to Sell the Property**

On January 22, 2025, the Trustee filed the Motion seeking the Bankruptcy Court's authorization to sell the Property pursuant to the process governed by the Israeli Court. (ER 8-31).

4. **The Opposition to the Motion to Sell the Property**

On January 29, 2025, Appellants filed their opposition to the Motion. (ER 36-89). Appellants asserted without any proof that as of the petition date of the Debtor's bankruptcy case that the Property was owned by a certain "Marital Deduction Trust," which is an alleged sub-trust that was purportedly formed upon the death of the Debtor's former spouse pursuant to the Second Amended Klein Living Trust (the "**Klein Living Trust**"). (ER 37 and 45-71).

There is nothing in the Klein Living Trust, or the parts of such trust known as the "Marital Deduction Trust," that reflect the Property is owned by the Marital Deduction Trust. (ER 45-71). While Appellants filed with the Bankruptcy Court

certain property schedules purporting to show that Property is owned by the Marital Deduction Trust (ER 72-85), nothing in those schedules demonstrate that they are part of the Klein Living Trust, the Marital Deduction Trust, when they were created, or have any legal efficacy regarding the ownership of the Property.

**5.      The Bankruptcy Court's Approval of the Motion**

On February 12, 2025, the Bankruptcy Court held a hearing to consider the approval of the Motion. (ER 105-205). Notably, the Bankruptcy Court found that the Debtor failed to produce any evidence showing that the Property is owned by any party other than the Debtor, Leslie Klein. (ER 197-203). On February 13, 2025, the Bankruptcy Court entered the Order approving the Trustee's sale of the Property. (ER 5-7).

IV.

**STANDARD OF REVIEW**

The applicable standard of review of the bankruptcy Court's conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error. *Aalfs v. Wirum* (*In re Straightline Invs., Inc.*), 525 F.3d 870, 876 (9th Cir. 2008). When applying the abuse of discretion test, this Court should first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) If the bankruptcy court identified the correct legal rule, then this Court determines whether the bankruptcy court's "application of the correct legal

standard [to the facts] was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal quotation marks omitted). If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion. *Id*.

V.

## **DISCUSSION**

The Appellants' Opening Brief lists five separate issues on appeal but the brief provides nothing more than a cursory discussion contesting the Debtor's ownership of the Property by simply asserting (without evidence or citation to the record on appeal) that the Property is owned by the Marital Deduction Trust. The Federal Rules Bankruptcy Procedure provide that the "argument, which must contain the appellant's contentions and the reasons for them, with citations to authorities and parts of the record on which the appellant relies." Bankruptcy Rule 8014(a)(8). The Opening Brief, however, literally contains no citations to legal authorities or to the record on appeal. Appellants offer virtually no argument to explain how the Marital Deduction Trust purportedly owns the Property.

This Court and Appellee should not be required to search the entire record to piece together the case the Appellants are trying to make. *Dela Rosa v. Scottsdale Memorial Health Systems, Inc.*, 136 F.3d 1241, 1243 and 1244 (9th Cir. 1998);

*Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991); Federal Rule of Appellate Procedure 10(b)(2); Rule 8018(b)-1 of the Rules of the United States Bankruptcy Appellant Panel of the Ninth Circuit.

The documents from the Israeli title registry that are part of the record on appeal reflect the Debtor, Leslie Klein, owns the Property – thereby making it property of the bankruptcy estate. (ER 21-27 and 28-29). Appellants failed to provide any evidence showing the Israeli records are incorrect or to counter the fact that the Debtor listed the Property as wholly owned by him in his bankruptcy schedules.

Instead, Appellants filed the Klein Living Trust as an exhibit to its opposition to the Motion (ER 45-71) but failed to cite to any provision therein or explain or describe how the Property is owned by the Klein Living Trust or the Marital Deduction Trust. It is impossible to provide any such explanation because neither trust agreement reflects that it owns the Property. Moreover, the property schedules filed by the Debtor (ER 72-85) do not have any legal efficacy or show they are related to or part of the Klein Living Trust or the Marital Deduction Trust.

In the Ninth Circuit Court of Appeals, sales outside the ordinary course of business require bankruptcy court approval. *Pinnacle Rest. at Big Sky, LLC v. CH SP Acquisitions, LLC* (*In re of Spanish Peaks Holdings II, LLC*), 862 F.3d 1148, 1153 n. 5 (9th Cir. 2017). By filing the Motion and obtaining the Order, the

Trustee obtained the necessary authority to sell and consummate the sale of the Property.

The purpose of the Motion was not to determine the owner of the Property. The Trustee submitted ample evidence reflecting that the Property is owned by and in the name of the Debtor, Leslie Klein. (ER 21-29). Appellants failed to provide any evidence demonstrating that the Property is owned by any party other than the Debtor, Leslie Klein. Consequently, the Bankruptcy Court held that the Trustee satisfied the sale-standard under section 363(b) of the Bankruptcy Code. (ER 201). The Appellants never objected to or contested the Trustee's business judgment. Plus, the Bankruptcy Court found that documents from the Israeli registry clearly reflect that the Debtor, Leslie Klein, not the Marital Deduction Trust, owns the Property. (ER 203). Appellants' outright failure to provide any evidence or other facts in the record on appeal that show the Trustee's business judgment was flawed demonstrates that this Court should affirm the Order.

## VI.

## **CONCLUSION**

The record reflects that the Bankruptcy Court carefully considered Motion and that Appellants failed to provide any evidence that the Motion should not be approved. Accordingly, for the reasons set forth herein, Appellee respectfully requests that the Order be affirmed.

Respectfully Submitted,

Dated: May 2, 2025　　　　　　　　PACHULSKI, STANG, ZIEHL & JONES LLP

　　　　　　　　　　　　　　　　By　　*/s/ John W. Lucas*
　　　　　　　　　　　　　　　　　　　John W. Lucas

　　　　　　　　　　　　　　　　　　　Counsel to Bradley D. Sharp, Chapter 11 Trustee, Appellee

# CERTIFICATE OF COMPLIANCE

1. I certify that this Brief complies with the length limitation of Fed. R. Bankr. P. 8015(a)(7) because this Brief contains 1,598 words, excluding the parts of the Brief exempt from such rule.

2. I certify that this Brief complies with the typeface and type style requirements of Fed. R. Bankr. P. 8015 because it has been prepared in a proportionately spaced typeface using Word, in 14-point Time New Roman.

*/s/ John W. Lucas*
John W. Lucas (CA Bar No. 178584)

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jlucas@pszjlaw.com

# Certification Required by B.A.P. Rule 8015(a)-1(a)

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

Bradley D. Sharp, solely in his capacity as chapter 11 trustee of the bankruptcy estate of Leslie Klein

Leslie Klein

*/s/ John W. Lucas*
John W. Lucas (CA Bar No. 178584)

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jlucas@pszjlaw.com

# Certification Required by B.A.P. Rule 8015(a)-1(b)

The undersigned certifies that the following are known related cases and appeals:

*Leslie Klein, et al. v.Bradley D. Sharp, chapter 11 trustee of Leslie Klein*, Case No. 25-1002.

*Leslie Klein v. Bradley D. Sharp, chapter 11 trustee of Leslie Klein*, Case No. 25-1037.

*Kenneth Klein and Shoshana Shifra Klein v. Bradley D. Sharp, chapter 11 trustee of Leslie Klein*, Case No. 25-1027

*/s/ John W. Lucas*
John W. Lucas (CA Bar No. 178584)

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jlucas@pszjlaw.com